**William Frederick THIELMEIER, Jr., Appellant,**

v.

**Patricia Vetter THIELMEIER (Now Holliger) et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 3, 1967.

**558**

S. Russell Smith, Kirby A. Scott, Louisville, for appellant.

Edwin A. Schroering, Jr., Louisville, for appellees.

CLAY, Commissioner.

Appellant and the principal appellee were divorced in 1961, and he was ordered to pay $330 a month for the maintenance of his two infant daughters. In 1964 appellant sought to have these payments substantially reduced on the ground that his financial condition had radically changed. Almost two years after this motion was made the Chancellor reduced the payments by approximately $25 a month and allowed appellee an attorney's fee of $650. The appeal is from this order.

Appellant's only source of income was a one-half partnership interest in a dairy business in Jefferson County, and at the time of the divorce it was substantial. (Appellee was allowed lump sum alimony of $31,500.) In 1963 the business had experienced a loss of customers due to urban renewal development. Appellant and his partner purchased another dairy and borrowed $40,000 to reorganize their business. To meet the new financial obligation the partners voluntarily reduced their monthly withdrawals from the business. Appellant contends he suffered a 61 percent reduction in disposable income and had reduced his own personal living expenses by 42 percent. It was because of this situation he requested a substantial reduction in the maintenance payments for his children.

The Chancellor found the immediate cause of appellant's sudden loss of income was "self-inflicted". He apparently took the view that while the voluntary reduction of withdrawals from the business may have constituted good business judgment, appellant did not give sufficient consideration to his obligations to his children. There was substantial evidence that appellant's business was prospering after the purchase of the new dairy, and the future prospects were bright. This would support a finding that the self-imposed reduction of income was of such a temporary nature that it did not justify

a substantial reduction in maintenance payments.

Admittedly this is a matter that addressed itself to the sound discretion of the Chancellor. A very difficult question was presented which merited, and was given, very careful consideration. In the light of all the facts shown by this record, we cannot conclude there was an abuse of discretion.

We find no merit in appellant's contention that the allowance for maintenance was in excess of that reasonably required for the support and education of the children.

It is also contended by appellant that no award of a fee to appellee's attorney was justified in view of the fact that under KRS 403.090 the Fiscal Court of Jefferson County had appointed a "friend of the court" who could have performed the same services without charge to the litigants.

The question of whether a court may properly allow an attorney's fee incurred by the wife in a custody or maintenance proceeding, initiated or developed after the divorce, has not been finally settled in Kentucky. The apparent inconsistency of some of our cases was pointed out in Wilkerson v. Wilkerson, Ky., 335 S.W.2d 552. That was a *custody* proceeding initiated by the mother, and we denied the allowance of an attorney's fee on the ground that she appeared to be "in as good financial condition as the father".

In two old divorce cases, where an attorney's fee allowed the wife in the circuit court was not questioned, it was held no such allowance could be made *in this court for services here* when the only issue on appeal was the right of *custody*. The reasoning of those opinions was that after a divorce the parties are "independent litigants" in a custody controversy, the same as in any other controversy. Thomas v. Thomas, 70·Ky. 665; Wills v. Wills, 168 Ky. 35, 181 S.W. 619.

Two later opinions took a different approach when the controversy concerned *maintenance payments* rather than *custody*. In Ginter v. Ginter, 305 Ky. 513, 204 S.W. 2d 596, a mother moved to increase the maintenance allowance ordered in a prior divorce action. Without reference to the prior cases or other authorities, it was held that since the proceeding was brought for the benefit of the infant child, the employment of an attorney by the mother was a "legitimate and necessary expense". In Wyatt v. Webb, Ky., 317 S.W.2d 883, by counterclaim (in a custody proceeding) the mother sought delinquent maintenance payments. It was adjudged the mother was entitled to a reasonable fee for her attorney's services in recovering the delinquent payments since this service was for the benefit of the infant child.

We believe the latter cases are sound and controlling where the controversy involves a maintenance allowance or the collection of delinquent payments. Such proceedings are solely for the benefit of the child, and attorneys' fees are necessary expenses in securing adequate income for the child's maintenance (at least when the father is financially able to assume this additional expense).

It is appellant's contention, however, that even if such attorney fee allowance is proper under certain circumstances, it was not proper in this case. It is insisted that the "friend of the court", authorized and acting under KRS 403.090, was available and should have performed at no charge the services for which the fee allowance was made. We do not find in this statute any authority for the "friend of the court" to represent a child or any other party in an independent proceeding to change a maintenance allowance. His principal duty is to aid the court in divorce actions where the rights of children are involved. He does have authority to bring before the court persons who are delinquent in making payments for support, and it is contended by appellant that the allowance to the attorney

in this case was substantially based on his efforts to obtain a contempt ruling against appellant for nonpayment.

While appellee could have called upon the "friend of the court" to assist her in one phase of this proceeding, we know of no law or principle which would require her to do so. It is only reasonable that an attorney representing the mother (actually the child) in resisting an application to reduce support payments should be called upon to perform the related service of collecting those past due. We do not find the fee allowance here to be beyond the scope of the Chancellor's discretion.

The judgment is affirmed.

WILLIAMS, C. J., and MILLIKEN, MONTGOMERY· and PALMORE, JJ., concur.

OSBORNE and STEINFELD, JJ., not sitting.