**Sammy Lou WILHOIT (now Davis), Appellant,**

**v.**

**Jack Caldwell WILHOIT, Appellee.**

Court of Appeals of Kentucky.

March 1, 1974.

Harry L. Hargadon, Sr., Michael V. Hargadon, Louisville, for appellant.

S. J. Stallings, Louisville, for appellee.

JONES, Justice.

Sammy Lou Wilhoit (now Davis) and Jack Caldwell Wilhoit were married in 1953, and divorced in 1967. They have three children; a daughter and two sons, who at the time of the divorce were eleven, nine and three years of age respectively.

The judgment of divorce incorporated an agreement filed September 25, 1967, providing, among other things, that Jack Caldwell Wilhoit, the appellee, pay $150.00 per month for each of his three infant children.

Each of the parties has remarried; and apparently no problems concerning support payments arose until Mrs. Davis filed an amended complaint on March 30, 1973, seeking an increase of child support, costs, and a reasonable attorney's fee. Dr. Wilhoit, the appellee, resisted the motion.

When the matter came on for hearing Mrs. Davis filed a detailed list of expenses reflecting the needs of the children, two of whom are now teenagers; the other child is now nine years of age. The trial court denied appellant's petition for an increase and granted her permission to take the three children to live with her and the present husband in the vicinity of Washington, D. C., where he had been transferred. Dr. Wilhoit was permitted visitation rights; two weeks during school vacation and ten days during Christmas or New Years. Mrs. Davis appeals contending that the trial court erred in failing to increase child support payments.

At the hearing Mrs. Davis testified that clothing costs, cost of living and the cost of school activities had substantially increased in the six years since the original agreement. Doctor Wilhoit, an anesthesiologist, had a gross income in the six intervening years, as follows:

| | |
|---|---|
| 1967 | $57,853.00 (The year the agreement of $150.00 per month for each child was made) |
| 1968 | $61,004.00 |
| 1969 | 62,664.00 |
| 1970 | 49,704.00 |
| 1971 | 82,729.96 |
| 1972 | 74,435.00 |

It was also shown that Doctor Wilhoit's interest in the Professional Service Corporation of which he is a member had increased. His gross and net income have increased since the original support order. Also, the record and agreement incorporated in the original decree reflect that Dr. Wilhoit had to pay the appellant the sum of $500.00 monthly periodic alimony and that these payments would terminate upon her remarriage or at her death. Now that appellant has remarried and these payments have ceased, Dr. Wilhoit has been relieved of paying $6000.00 per year.

Dr. Wilhoit, as well as the trial court, relied on the provisions of KRS 403.250(1) which became effective in June 1972, and which states in part:

"The provisions of any decree respecting maintenance or support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable."

In McKenzie v. McKenzie, Ky., 502 S. W.2d 657, we said:

"The policy of the statute (KRS 403.-250) is for relative stability when such written agreements are examined and approved by the court. It is also clearly discernible that the legislative policy places a definite and substantial burden upon a party who seeks a change in the terms of such an agreement."

The provision of KRS 403.250 which imposes the test of modification on a showing of changed circumstance so substantial and continuing as to make the terms unconscionable does not introduce a novel standard unknown to the law. The present statute was modeled after the Uniform Marriage and Divorce Act, as amended in 1971. For a discussion of the Act and commentaries, see 9 Uniform Laws Annotated, 488, 489, Marriage and Divorce Act, Sec. 306. It is evident that the term "unconscionable" as used in KRS 403.250 means "manifestly unfair or inequitable."

We are of the opinion that the evidence presented at the trial in May 1973 demonstrated not only the changed circumstances necessary to require an increase in child support payments commensurate with the children's needs, as well as the father's increased ability to pay. The totality of the evidence, the circumstances of the original agreement, the time that has elapsed, all tend to show changed circumstances, "so substantial and continuing as to make the terms of the original agreement unconscionable."

Dr. Wilhoit's argument that this appeal is not properly before the court because appellant failed to designate the entire record is without merit. This matter has been ruled upon by this court.

We conclude that a review of the evidence and the record require a reasonable increase in the child support payments, which may be determined by the trial court upon a remand and reconsideration of the case.

In view of our holding on the merits, we deem it premature to consider the trial court's allocation of costs and attorney's fees. These items will be reconsidered by the trial court on remand.

The judgment is reversed for further proceedings consistent with this opinion.

All concur.