Sammy Lou **WILHOIT** (now Davis) et al.,
Appellants,

v.

Jack Caldwell **WILHOIT**, Appellee.

Court of Appeals of Kentucky.

Jan. 31, 1975.

Rehearing Denied May 9, 1975.

Harry L. Hargadon, Sr., Michael V. Hargadon, Louisville, for appellants.

Sam Stallings, Louisville, for appellee.

CATINNA, Commissioner.

Sammy Lou Wilhoit (Davis) appeals from a supplemental decree in a divorce proceeding, increasing the amount of child-support payments, establishing the termination date of the payments, allocating court costs, and refusing to award an attorney's fee.

This is the second appeal in this divorce proceeding. In Wilhoit v. Wilhoit, Ky., 506 S.W.2d 511 (1972), this court had before it the question of an increase in the amount of child-support payments required by a contract that had been made a part of the divorce judgment. We concluded that the evidence presented at that time required a reasonable increase in child-support payments and remanded the case for that purpose. The question of court costs and an attorney's fee was not considered; this court stated that it would be reconsidered by the trial court upon remand. After remand, additional evidence was heard by the court in regard to the child-support payments at the conclusion of which a supplemental decree was entered (1) increasing the child-support payments from $150 per month per child to $210 per month per child commencing March 30, 1973; (2) holding that support would cease for each child on his eighteenth birthday, unless sooner terminated pursuant to Paragraph 4 of the original contract between the parties; and (3) adjudging that each party pay his own attorney's fee and that the court costs be paid one-half by each of them, the costs adjudged being those that had accrued subsequent to the original judgment of 1967. Sammy, upon her appeal from this supplemental decree, objects to each of the holdings of the trial court.

We have carefully examined the record and the evidence heard upon the remand, as well as that heard upon an original trial of the proceedings. Although we may have reached a different conclusion concerning the total amount which should have been paid for each child, the findings and order of the trial court are adequately supported by the evidence, and we find no indication of any abuse of discretion of the court or that his findings are erroneous. The trial court is vested with broad discretion in matters of this kind, and this court will not interfere unless that discretion is abused. Cf. Spurlin v. Spurlin, Ky., 456 S.W.2d 683 (1970).

The contract entered into by the parties, which was made a part of the divorce judgment, provided in part as follows:

"4. Second party agrees to pay to first party as maintenance for his three infant children the sum of $150.00 per month for each child, to continue until they become 18 years of age, provided that they are not going to college, or marry, or become self-supporting before that time. * * *."

The trial court, in considering this clause, found it to be ambiguous and that it could in no way be construed to require Wilhoit to make the contract payments after a child became 18 years of age. This court is of the opinion that it was the intent of Clause 4 of the contract to continue support payments to a child after age 18 for the purpose of carrying the child through a normal college education, provided the child does not marry or become self-supporting. While it is true that the court may not require a parent to support a child beyond majority, there is no reason why a contract executed by a parent, which would require support to extend beyond that period, may not be enforced. Showalter v. Showalter, Ky., 497 S.W.2d 420 (1973).

The question of an allowance of an attorney's fee in a proceeding of this type and court costs has been discussed by this court upon prior occasions. In Thielmeier v. Thielmeier, Ky., 420 S.W.2d 557 (1967), we held that a mother was entitled to recover a reasonable fee for her attorney's

services where the controversy involved maintenance allowances or the collection of delinquent allowances. However, subsequent to our holding in *Thielmeier,* the statute was amended to the extent that it provides as follows:

"403.220. Costs of action and attorney's fees. The court from time to time after considering the financial resources of both parties *may* order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name." (Emphasis ours.)

■ If there had ever been any doubt regarding the discretionary authority of the trial court to allocate court costs and award an attorney's fee, KRS 403.220 laid that doubt to rest once and for all. As matters now stand, an allocation of court costs and an award of an attorney's fee are entirely within the discretion of the court.

We have examined the record in this proceeding and the findings of fact and conclusions of law and have determined that the order of the court, as set out in the supplemental decree, was supported by substantial evidence and that there was no abuse of discretion on the part of the court in allocating the court costs one-half to each of the parties and refusing to award Sammy Lou Wilhoit (Davis) a reasonable fee for her attorneys.

The judgment is reversed insofar as it establishes the termination date of support payments, but is affirmed in all other respects.

All concur.