Dorcas Annette **WILLIAMS**, Appellant,

v.

Claude B. **WILLIAMS**, Appellee.

Court of Appeals of Kentucky.

July 1, 1977.

Rehearing Denied Aug. 26, 1977.

Carroll W. Morrow, Moore, Morrow & Frymire, Madisonville, for appellant.

Richard (Dick) Wayne Adams, Adams & Massamore, Madisonville, for appellee.

Before COOPER, LESTER and WHITE, JJ.

LESTER, Judge.

Claude B. Williams and Dorcas Annette Williams in contemplation of their divorce, executed a contract in which they agreed to custody, support, maintenance and a division of property. The court incorporated this contract into the divorce decree on March 29, 1973. On May 12, 1975, Claude moved the court to modify the decree to lessen the financial burden it placed upon him. Dorcas, in a counter motion, sought more child support. The court terminated the $750.00 monthly maintenance to Dorcas, raised the child support from $150.00 per month for each of the three children to $200.00 and allowed Claude to claim the children as dependents for income tax purposes.

Dorcas in this appeal, argues that the circumstances have not changed so as to provide the chancellor with power to modify the decree pursuant to KRS 403.250(1) and that the court did not have the authority to alter their agreement by permitting Claude to claim the children as dependents on his tax returns.

The parties married in August of 1958. At the time, both attended Auburn University. Appellant had completed two years of college. She quit school and worked for two years while the appellee finished his studies at the school of Veterinary Medicine. After graduation, they moved to Madisonville where appellee went to work for a veterinarian. Appellee purchased the veterinary clinic from his employer and became the sole veterinarian in Hopkins County. In 1972, appellee negotiated the construction of a Hardee's restaurant at the location of his veterinary clinic. He purchased an adjoining house and lot for parking. He then acquired a two and one-half acre tract of land across town where he built another clinic. The building venture in 1972 of Hardee's and the new clinic required him to assume a large indebtedness. During this time, the marital problems that the parties experienced culminated into a petition for divorce. They entered into an agreement settling their affairs. They reconciled briefly, but went ahead with the divorce in 1973. The agreement incorporated into the judgment remained basically the same as the one they arrived at in 1972. Apparently, increased competition from other veterinarians who had moved into the area and mounting indebtedness caused appellee's financial fortunes to wane. He found it necessary to open another veterinary clinic in Central City where he works three evenings a week after regular office hours. Appellant on the other hand, has done better. She seems to have formed a lasting relationship with a gentleman of some means whom she hopes to marry. She now has a savings account of $6,000.00 and a $2,600.00 checking account. Because of the generosity of her friend, she leads an active social life and maintains herself and her children in a comfortable fashion. She does not work.

As demonstrated by the numerous volumes of evidence, the parties strenuously contested whether the circumstances justified modifying the contract embodied in the judgment of their divorce. Appellee's in-

come tax returns for 1973 and 1974 do show a decline in his net profit from the clinic. However, it appears that the net profit for 1975 was greater than 1972. Appellee claims that this increase is deceptive because he uses the cash rather than the accrual method of accounting and his accounts payable have grown considerably. The parties presented a wide discrepancy in proof on the valuation of appellee's property, his other income and the assessment of his liabilities. The characterization of appellee's financial condition as good or bad depends on whose figures one believes. The chancellor made the determination that appellee's economic position deteriorated and substantial evidence supports this decision.

Appellant complains of the court's not sustaining her objection to the testimony of appellee's valuation witnesses and accountant. But appellant failed to obtain a ruling by the lower court. Consequently, she waived the objection and we cannot consider the competency of the evidence on appeal. *Commonwealth Department of Highways v. Parker,* Ky., 388 S.W.2d 366 (1965).

The inquiry does not end with a finding that the parties respective pecuniary situations have not remained static since they arrived at an understanding on the terms of their divorce. In accordance with KRS 403.250(1), there must be "a showing of changed circumstances so substantial and continuing as to make the terms unconscionable." With the correct standard in mind this case becomes a lot closer. *Wilhoit v. Wilhoit,* Ky., 506 S.W.2d 511, 513 (1974) defines unconscionable as used in the statute as "manifestly unfair or inequitable." While the unconscionability criterion "does not introduce a novel standard unknown to the law", its application has generally operated to free a party from his obligation under a sales contract. *Williams v. Walker—Thomas Furniture Co.,* 121 U.S.App.D.C. 315, 350 F.2d 445 (1965) contains a complete discussion in this regard. In the case before us, because the circumstances have changed so that the

terms of the contract have become unreasonably favorable to the appellant, coupled with the likelihood that the present status of the parties will continue, the chancellor could properly eliminate the maintenance provision.

The court below did not exceed its authority by allowing the appellee to claim the children as dependents. We believe that this tax break because it results in a cash savings is an element of maintenance or support; therefore, KRS 403.250(1) enables the court to adjust the contract as to which party can list the children as dependents.

The judgment is affirmed.

All concur.