J.T. BARNES, Appellant,

v.

Connie BARNES, Appellee.

No. 88–CA–021–S.

Court of Appeals of Kentucky.

April 14, 1989.

Case Ordered Published by Court of Appeals June 30, 1989.

Rehearing Denied June 30, 1989.

Kenneth A. Meredith, II, White & Meredith, Bowling Green, for appellant.

Phillip R. Grogan, Duncan, Gleitz & Grogan, Bowling Green, for appellee.

Before DYCHE, HAYES and McDONALD, JJ.

HAYES, Judge.

The marriage of Connie Barnes and J.T. Barnes was dissolved by decree of the Warren Circuit Court on September 13, 1983; that decree incorporated by reference a property settlement agreement entered into by the parties which included both the division of marital property and the matters of child custody, visitation and support. The agreement provided that Connie would have custody of the two infant children of the parties and that J.T. would pay to Connie as child support the sum of $65.00 per week. The agreement also provided that Connie and the children would continue to occupy the marital residence, and that Connie would make the monthly mortgage payments on the unpaid balance; in addition, the parties agreed that the home should be sold (and the equity divided), upon the happening of any of four contingencies, one of which was the remarriage of Connie.

Connie remarried in September 1984, and she and the two children moved to Ashland with her new husband until January 1985, when the new marriage broke up. She moved back into the marital residence with the physical assistance and expressed consent of J.T. After her remarriage, the home had been listed for sale with a realtor by agreement; the listing contract expired in April 1985, no sale having been made.

J.T. always made his child support payments promptly, and in the amounts set by the court. As a matter of fact, he even voluntarily agreed to increase the child support from $65.00 per week to $75.00 per week in January 1986 and further agreed to an additional voluntary increase from $75.00 per week to $87.50 per week in January 1987. J.T. remarried, however, in May 1987. In August 1987, he cut back his support payments to the original amount set by the court, $65.00 per week.

Connie filed a motion that same month to increase child support from $65.00 per week to $115.00 per week; J.T. filed a response to that motion and filed a separate motion to have the marital residence sold pursuant to the separation agreement. A hearing was conducted before the Commissioner of the Warren Circuit Court on September 17, 1987; the Commissioner's report, filed November 12, 1987, found J.T.'s motion to sell the marital residence to be moot due to his agreement to and assistance of Connie and the children moving back into the marital residence; the report further set child support in the amount of $109.00 per week. J.T. filed exceptions to the Commissioner's report which were overruled. This appeal followed.

As acknowledged by the appellant in his brief, the sole issue before us on this appeal is whether the trial court abused its discretion in overruling his exceptions to the Commissioner's report. *Wilhoit v. Wilhoit,* Ky.App., 521 S.W.2d 512 (1975). The factual findings of the trial court will not be disturbed upon appeal unless they are clearly erroneous. CR 52.01.

■ Appellant first challenges the finding of the Commissioner, as adopted by the trial court, concerning the determination of his net income. We have examined the record as a whole; the finding of the trial court is supported by substantial evidence and is therefore not clearly erroneous.

■ J.T. next maintains that it was an abuse of discretion for the trial court to adopt the Commissioner's recommendation

setting the child support, which appellant maintains was based solely on the Warren Circuit Court's child support guidelines. Although we are unconvinced that the above guidelines were the *sole* determining factor in setting the amount of child support as modified, wherever it originated, that amount is appropriate under these circumstances and therefore is not an abuse of discretion. Nor is the Commissioner's recommendation that the increase become effective as of the date of filing of the motion an abuse of discretion.

■ The final argument of the appellant is that the trial court abused its discretion in not ordering a sale of the marital residence pursuant to the terms of the property settlement agreement. We agree. Refusing to order the sale pursuant to the agreement amounted to a modification without the entry of appropriate findings under KRS 403.250. The appellant is entitled to have the residence sold, regardless of the fact that appellee's subsequent remarriage failed.

Accordingly, the judgment is affirmed in part and reversed and remanded in part for proceedings consistent with this opinion.

McDONALD, J., concurs.

DYCHE, J., dissents.

DYCHE, Judge, dissenting.

I must respectfully dissent from the portion of the majority opinion which finds an abuse of discretion in refusing to order the sale of the residence. J.T.'s actions in assisting Connie and the children in moving back into the home constitute a voluntary waiver of the relevant portion of the property settlement agreement.