**Charles D. MARCUM, Appellant,**

v.

**Joann MARCUM and Charles C. Adams, Appellees.**

**No. 88–SC–488–DG.**

Supreme Court of Kentucky.

Nov. 9, 1989.

Maricle & Bailey, Manchester, Carl G. Cunnagin, McKee, for appellant.

Charles C. Adams, Adams and Adams, Somerset, for appellees.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which affirmed in part and reversed in part the decision of the circuit court in a divorce action.

The principal issue is whether the trial court correctly awarded one-half of the present value of the electric business to the husband as nonmarital property. Other issues are whether the trial judge correctly found that a portion of the Mt. Zion real estate tract was nonmarital property; whether there was sufficient evidence to find that the husband had traced a cash inheritance for a certificate of deposit; whether the trial judge abused his discretion in refusing to award maintenance and in refusing to require the husband to pay the wife's attorney fees.

At the time of the filing of the action, the wife, a homemaker, was 49 years of age and the husband, a self-employed owner and operator of an appliance store, was 54. They had been married for 29 years.

K.R.S. 403.190(3) provides that all property acquired by either spouse during marriage is presumed to be marital property unless there is proof that the property was acquired pursuant to an exception listed in subsection 2 of the statute.

■ The assignment to the husband as nonmarital property of one-half of the present value of the appliance business was of critical importance. Both parties testified that the husband owned a one-half interest in the business before the marriage and purchased his brother's interest immediately after the marriage. There was no dispute that the business that existed prior to the marriage was not the same business entity that it had become after 29 years of marriage. The agreed present value was $136,841.57. The business was originally a plumbing and house wiring service which developed into a retail appliance store in which the profits were reinvested in larger inventories and purchases of fixtures and equipment. It is uncontradicted that the husband paid the sum of $1,600 for the one-half interest of the husband's brother immediately after marriage. The assets purchased for the business grew to a value of $136,841.57, which came from income and must be viewed as marital property. *Sousley v. Sousley,* Ky. 614 S.W.2d 942 (1981) considered a similar problem and determined that the profit from nonmarital property was income, particularly if it was the parties' livelihood and was therefore marital property. There is a distinction between an increase in value of property which occurs without effort on the part of the owners and the increase in

the value of property that occurs as a result of the efforts of the parties. This business was the principal employment of the husband and pursuant to *Sousley, supra,* the income produced from the business is marital property and must be divided accordingly.

The husband was able to establish the purchase price of $1,600 for the interest he purchased from his brother immediately after the marriage. He did not offer proof as to the value of his own interest prior to the marriage. This matter should be remanded to allow the husband to prove if possible the value of the business at the time of the marriage.

■ In regard to the Mt. Zion tract, the husband did not produce sufficient proof to overcome the presumption that property acquired during the marriage shall be considered marital property. K.R.S. 403.-190(3). The husband claimed he had paid $1,250 for the property prior to marriage. However, the wife produced a certified copy of a deed showing that the property was conveyed to the husband six years after marriage for $750. The husband offered no evidence to rebut the presumption that he acquired the real estate after marriage. In view of the evidence regarding the deed, the trial court was clearly erroneous in holding that any portion of this property was the husband's nonmarital property. The Mt. Zion tract should be considered marital property and divided accordingly.

■ The husband did not sufficiently prove that the funds he used to purchase a $10,000 certificate of deposit were from an inheritance from his father's estate. The husband argued that the sum was nonmarital property and had been intact since he had received it. The wife introduced probate proceedings which showed unequivocally that the husband could have received no more than $7,250 including his fee as executor. The probate papers of the husband's father indicate that the father's estate had a total value of $45,000. The father's will divided the estate into eight equal shares. The evidence produced in the dissolution proceeding does not overcome the requirements of K.R.S. 403.-190(3). This matter should be remanded to determine what, if any, portion of the certificate of deposit should be considered nonmarital property.

The issues of maintenance and attorney's fees should be remanded to the circuit court to let the trial judge reconsider in accord with the increased property settlement.

The decision of the Court of Appeals is affirmed and this matter is remanded to the circuit court for an entry of judgment consistent therewith.

STEPHENS, C.J., and GANT and COMBS, JJ., concur.

VANCE, J., concurs in result only.

LEIBSON, J., files a separate opinion concurring in part/dissenting in part.

LAMBERT, J., files a separate opinion dissenting in part, in which LEIBSON, J., joins.

LEIBSON, Justice, concurring in part/dissenting in part.

I concur only in so much of the Majority Opinion as holds that the entire increase in value during marriage of a business actively engaged in by a spouse as his principal occupation is marital property that should be divided as provided for in KRS 403.190.

Only $1,600, which is the value of one half of the business at the time of marriage, should be assigned to the husband as nonmarital property.

Otherwise, I would affirm the trial court's judgment.

LAMBERT, Justice, dissenting in part.

On the issues hereinafter addressed, I dissent from the opinion of the Court.

As to the Mt. Zion tract of land, the evidence was in conflict as to whether the property was acquired prior or subsequent to the marriage. Appellant testified that he had purchased the property from his father for $1,250 when he was sixteen

years of age, but the deed was not executed and delivered until after the marriage. From the findings, it is clear the trial court believed appellant acquired the property before the marriage. There being no issue as to an increase in the value of this property during the marriage as the result of the active efforts of the parties, the Mt. Zion tract is entirely non-marital property and should be assigned to appellant. The Court of Appeals and this Court have simply disregarded CR 52.01 in deciding otherwise.

On the issues of maintenance and attorney's fees, the Court of Appeals has invaded the discretionary function reserved to the trial court.

The trial court determined that in view of the significant amount of property awarded to appellee ($148,000 by her count), and in consideration of the other factors set forth in KRS 403.200, an award of maintenance was not appropriate. There is certainly nothing in the evidence which compels such an award and the Court of Appeals was in error in holding to the contrary.

As to attorney's fees, Kentucky law is clear that the trial court has broad discretionary authority. On this issue, nothing more need be said than to quote from *Wilhoit v. Wilhoit*, Ky., 521 S.W.2d 512, 514 (1975), as follows:

> If there had ever been any doubt regarding the discretionary authority of the trial court to allocate court costs and award an attorney's fee, KRS 403.220 laid that doubt to rest once and for all. As matters now stand, an allocation of court costs and an award of an attorney's fee are entirely within the discretion of the court.

Of all the cases which routinely come before the courts of Kentucky, domestic cases require a greater degree of deference to the determinations made by trial courts. From the evidence presented, the trial judge can consider the totality of the parties' economic circumstances, judge credibility of witnesses and, consistent with applicable statutes and case law, fashion a better remedy than can appellate courts looking only at the one or two issues which

are ordinarily presented to them. In this case, upon consideration of the parties' circumstances, the trial judge declined to award maintenance or require appellant to pay appellee's attorney's fees. The Court of Appeals simply substituted its judgment for that of the trial court.

Instead of correcting the Court of Appeals error on these issues, this Court has carried the confusion one step further. Despite the trial court's initial determination that maintenance and attorney's fees should not be awarded and despite our decision which has the effect of increasing the amount of marital property received by the wife, we have nevertheless remanded the maintenance and attorney's fees issues for reconsideration. This would seem incongruous. If the trial court, in exercise of its sound discretion, declined to award maintenance and attorney's fees upon the basis of $148,000 in marital property awarded to the wife, by what logic could the trial court do otherwise when the amount of marital property awarded is increased? We should simply vacate the maintenance and attorney's fees portion of the decision of the Court of Appeals and reinstate the trial court's judgment on these issues.

LEIBSON, J., joins in this dissenting opinion.