Lewis JEWELL, Mina Jewell, Pam Bowman, Eric Bowman, Hilda Driskell, Francis Mattingly, Michael Johnson, And Polyair Packaging, Inc., Appellants,

v.

CITY OF BARDSTOWN, Kentucky; Dixie Hibbs, Mayor; Frank B. Wilson, Counsel Member; Tommy Reed, Counsel Member; William Sheckles, Counsel Member; Bobby Simpson, Counsel Member; Francis Lydian, Counsel Member; and Richard Heaton, Counsel Member, Appellees.

No. 2007–CA–000422–MR.

Court of Appeals of Kentucky.

Jan. 25, 2008.

Discretionary Review Denied by Supreme Court Sept. 10, 2008.

William T. Hutchins, Geoghegan, Hutchins & Associates, Bardstown, KY, for appellants.

Thomas A. Donan, Bardstown, KY, for appellees.

Before LAMBERT and VANMETER, Judges; KNOPF,[1] Senior Judge.

## OPINION

LAMBERT, Judge.

Certain residents of a neighborhood annexed by the City of Bardstown appeal the circuit court's judgment confirming the City's annexation. For the reason herein, we affirm the circuit court's confirmation of annexation.

### Background

Recently, the City of Bardstown began annexation proceedings regarding over 400 acres of unincorporated property located to its northeast. However, a significant number of residents in a neighborhood within the 400 acres area opposed annex-

---

1. Senior Judge William L. Knopf, sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

ation and filed a Petition in Opposition to Annexation, requesting a public referendum on the matter. The Mayor of Bardstown, however, disqualified all signatories to the Petition whose property is subject to a Consent to Annexation Agreement, thereby reducing the number of signatories below the minimum percentage required for a referendum. As a result, the City was able to complete the annexation without a public referendum. The opposition group then filed suit challenging the mayor's actions, but the circuit court ultimately affirmed the legality of the annexation.

The Consent to Annexation Agreement upon which this case turns was a bargain struck by the original developers of a neighborhood in the annexed territory and the City. In exchange for the City's agreement to provide water and sewer services to the neighborhood, the developers agreed to encumber each residential plot with a recorded, restrictive covenant purporting to run with the land and requiring the initial purchaser and all subsequent owners to consent to future annexation.

### Issue

The issue presented here is whether the Consent to Annexation Agreement is a valid, restrictive covenant running with the land thereby estopping land owners subject to it from being signatories to a Petition in Opposition to Annexation.

### Analysis

As the question here is purely one of law, we review the decision below *de novo*. Also, we note that both the statutes governing annexation and our cases are silent as to whether a land owner can be estopped from opposing annexation by a restrictive covenant. Consequently, we look to authorities from sister jurisdictions. The only relevant reported cases are *Gregg v. Whitefish City Council*, 323 Mont.

109, 99 P.3d 151 (2004), *People for the Preservation and Development of Five Mile Prairie v. City of Spokane*, 51 Wash. App. 816, 755 P.2d 836 (1988), and *Engle v. City of Indianapolis*, 151 Ind.App. 344, 279 N.E.2d 827 (1972). In each of these cases, the respective courts held that, by purchasing land subject to annexation-consent covenants, the land owner consented to annexation and was estopped from subsequent revocation of that consent.

▮ We find the reasoning of our sister courts to be both cogent and consistent with our statutory annexation framework. Under our annexation statute, consent of the landowners in the proposed area of annexation is relevant to the propriety of any annexation. But no language in the statute indicates that the common-law doctrine of estoppel is inapplicable in annexation contests. Thus, once a land owner has given consent to annexation in return for valuable consideration from the annexing city and the consideration significantly improves his or her land by the provision of city water and sewer services, the landowner is then estopped from gaining the benefit of his or her bargain without also exercising its obligations. Moreover, in no case is a person ever compelled to purchase land with a recorded, restrictive annexation-consent covenant. As matter of law and equity, we find the precedents of our sister jurisdictions to be persuasive. Consequently, we hold that a recorded, restrictive covenant consenting to city annexation in exchange for valuable consideration from the city estops the owner of the land so restricted from opposing annexation by the city.

### Unpreserved Issues

▮ Finally, we note the annexation opponents assert additional issues and claims of error in their brief, but that the circuit court did not address any of these issues in reaching its decision. We only

review decisions of the lower courts for prejudicial error, consequently, without a ruling of the lower court on the record regarding a matter, appellate review of that matter is virtually impossible. This is why we require that an appellant not only present an issue to the lower court on the record but also to make reasonable efforts to obtain a ruling from the court on the record concerning that issue. *See, e.g., Williams v. Williams,* 554 S.W.2d 880, 882 (Ky.App.1977) (failure to obtain a ruling constitutes waiver). Here, the appellants failed to invoke legitimate procedural mechanisms, such as a motion to alter or amend, to obtain a ruling on any issues that the circuit court failed to address. Consequently, we hold that the issues not ruled upon in the circuit court are not properly preserved for our review.

### Conclusion

We affirm the judgment of the Nelson Circuit Court.

ALL CONCUR.