RENDERED: APRIL 9, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1465-MR

CINDY ROBINSON                                                                APPELLANT

APPEAL FROM PULASKI CIRCUIT COURT
v.        HONORABLE MARCUS L. VANOVER, JUDGE
ACTION NO. 17-CI-00628

TERRY ROBINSON                                                                 APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, JONES, AND K. THOMPSON, JUDGES.

ACREE, JUDGE: Cindy Robinson appeals the Pulaski Circuit Court's findings of

fact, conclusions of law, and decree of dissolution ending her marriage to Terry

Robinson. She contends the circuit court erred in classifying real estate and

personal property as marital property. Finding no error, we affirm.

## BACKGROUND

Terry and Cindy were married for nine years before Terry filed for dissolution. Immediately, the divorce action became contentious with both parties filing multiple motions and seeking restraining orders.

Eventually, the circuit court heard contested issues during a two-day hearing. The circuit court divided multiple personal property items and real estate between the parties in its findings of fact, conclusions of law, and decree of dissolution entered August 2, 2018. However, Terry was dissatisfied with the outcome and moved the circuit court pursuant to CR[1] 59 to alter, amend, or vacate the decree. Cindy filed a response. Due to the contentious nature of the case, the circuit court held the motion until it could review the entire record again. Over a year later, on August 22, 2019, the circuit court granted Terry's motion, and amended its findings of fact, conclusions of law, and decree of dissolution.

That amended decree is the subject of this appeal. In it the court found two tracts of real estate—the Mill Springs property and the Lakeview property—were classified as marital property and ordered the sale of the properties with equal division of the profits among the parties. It also found the parties' pontoon boat was marital property, along with some other personal property items.

---

[1] Kentucky Rules of Civil Procedure.

Cindy disagreed, and this appeal followed. Additional, relevant facts will be laid out as necessary below.

## STANDARD OF REVIEW

The standard of review on appeal for a question involving the characterization of whether property is marital or nonmarital is two-tiered. Factual findings of the circuit court are reviewed under the clearly erroneous standard of CR 52.01, but the circuit court's legal conclusions are reviewed *de novo* as an issue of law. *Smith v. Smith*, 235 S.W.3d 1, 6-7 (Ky. App. 2006).

## ANALYSIS

*The Mill Springs Property*

Cindy contends the circuit court erred by classifying this property as marital. We disagree. The parties purchased the property during the marriage for $95,000, with a $40,000 down payment. Cindy financed the remaining balance. According to Cindy, the down payment came from the sale of a previously owned, non-marital residence in Ohio. That money was deposited into the parties' joint account before the purchase of the Mill Springs Property.

Cindy failed to provide any further tracking of the money used to purchase the home. She did not provide previous bank statements or any other evidence demonstrating that the $40,000 came from a non-marital account. Due to

the lack of evidence, the circuit court determined the property must be marital because the tracing stopped at a joint account.

This is not the first time we have upheld a court's decision labeling a property as marital due to a lack of tracing. *See Terwilliger v. Terwilliger*, 64 S.W.3d 816, 821 (Ky. 2002) (remanded "to reconsider the issue of whether the claimed nonmarital share is sufficiently established."); *Travis v. Travis*, 59 S.W.3d 904, 909 (Ky. 2001) (appellant failed to rebut presumption disputed proceeds were marital); *Marcum v. Marcum*, 779 S.W.2d 209, 211 (Ky. 1989) ("husband did not produce sufficient proof to overcome the presumption that property acquired during the marriage shall be considered marital property").

Because Cindy did not have sufficient proof to overcome the presumption that the Mills Spring property was marital, we affirm the circuit court.

*The Lakeview Property*

The parties purchased this property for $56,000. Terry admitted he attempted to purchase the house on his own but was denied financing. Once Cindy learned Terry could not purchase the home, she used money from a settlement she received before the parties were married. Cindy testified she had a money market account with a fiduciary agreement allowing Terry access, and a savings account that Terry could not use. She was adamant the money came from the latter. Originally, the circuit court found Cindy traced the money to a nonmartial account

-4-

and awarded her the home. However, after reviewing the record, the circuit court found the property was purchased prior to the marriage, but with the parties' joint checking account, with a deed titled jointly with rights of survivorship.

For the same reason as the Mills Spring Property, the circuit court found Cindy did not trace the funds back far enough to demonstrate she purchased the property with nonmarital funds. The tracing stopped with the parties' joint checking account. We cannot say the circuit court erred in ruling the property marital because the documentation suggests otherwise. Cindy gave no further tracing evidence of the money used to purchase the property.

*Pontoon Boat*

The parties acquired a pontoon boat during the marriage. There is no evidence in the record indicating the date of purchase, purchase price, or any associated debt or financing. The record only contains a 2016 bank statement indicating a check was written in the amount of $9,500, but the bank statement supplies no information to connect that amount to the personal property. Nothing indicates this personal property was nonmarital.

*Tools*

Cindy alleges Terry is in possession of her father's tools. She states the tools have little real value, but they now have sentimental value to her and the circuit court should have awarded her the tools in the original decree. She also

acknowledges that she did not object to the circuit court's failure to do so. Therefore, the issue is not preserved for this Court's review.

Cindy asks this Court to conduct a palpable error review. Upon such a review, this Court will reverse only to prevent a manifest injustice. *See* CR 61.02. Cindy has not identified the tools with any degree of specificity necessary to justify awarding them to anyone, nor has she established their existence or location. We cannot say the circuit court erred when Cindy never raised the question to the circuit court.

## **CONCLUSION**

For the foregoing reasons, we affirm the Pulaski Circuit Court's findings of fact, conclusions of law, and decree of dissolution.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
| --- | --- |
| Amanda Hill<br>Corbin, Kentucky | Penny L. Hines<br>Somerset, Kentucky |