RENDERED:  JUNE 4, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1152-MR

TAMMY POSEY                                                          APPELLANT

v.
APPEAL FROM OLDHAM CIRCUIT COURT
HONORABLE DOREEN S. GOODWIN, JUDGE
ACTION NO. 14-CI-00438

GREGORY POSEY                                                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, KRAMER, AND K. THOMPSON, JUDGES.

KRAMER, JUDGE:  Tammy Posey appeals from an order of the Oldham Circuit

Court, Family Division, that terminated Gregory Posey's spousal maintenance

obligation and required Tammy to reimburse Gregory $19,150.00 as overpayment

for child support received.  Finding no manifest injustice, we affirm.

The parties divorced in 2015.  In the Findings of Fact, Conclusions of

Law, and Decree of Dissolution entered by the family court on November 24,

2015, Gregory was required to pay Tammy $500.00 per month for six years as spousal maintenance, and $806.00 per month in child support for the parties' two minor children.

Shortly after the parties divorced, Gregory injured his ankle while working as a window installer. In July 2018, Tammy filed a motion for a common law judgment against Gregory for unpaid child support, spousal maintenance, and outstanding medical expenses for the minor children.[1] On July 20, 2018, the family court entered a judgment for $38,061.00 against Gregory. Gregory was approved for Social Security Disability in September 2018, and he paid Tammy $39,000.00 in satisfaction of the judgment from the lump sum payment he received. Gregory also submitted a *pro se* letter to the family court in September 2018, seeking to terminate his spousal maintenance obligation.

The parties' two minor children, K.P. and J.P., began receiving auxiliary benefits from Gregory's disability claim in approximately October 2018. K.P. received a lump sum of $10,959.00, and J.P. received a lump sum of $17,331.00, in addition to ongoing monthly payments until emancipation.[2] Tammy did not make the family court aware that she had received any payments

---

[1] The family court indicated that it would not hold Gregory in contempt for failure to pay due to his inability to work as a result of his injury.

[2] Both children are now emancipated.

on behalf of the children from Gregory's disability claim. Rather, she filed a motion for contempt in December 2018, for failure to pay maintenance and to collect interest on the judgment which Gregory had already paid. It was not until the family court conducted a hearing on January 17, 2019, that Tammy revealed she had received money from Gregory's disability claim on behalf of the children.

Gregory was permitted to conduct discovery, and the parties filed various memoranda with the family court. Gregory argued that Tammy was overpaid because she received the funds from his disability claim on top of the check for $39,000.00 that he tendered in satisfaction of the judgment. He also continued to seek termination of his maintenance obligation arising from his inability to work due to his disability. Tammy argued that Gregory was better off financially than he was prior to his disability and should continue to pay spousal maintenance. Her arguments regarding child support were vague, but did, in part, blame Gregory for not filing a motion to terminate child support.

Based on the information submitted by the parties, the family court entered an order on December 30, 2019, that (1) terminated Gregory's maintenance obligation effective October 1, 2018; and (2) calculated that, based on the sums received by Tammy on behalf of the children from Gregory's disability claim, plus the amount he paid her in satisfaction of the prior judgment, Tammy had been overpaid by $19,150.00. Tammy was ordered to reimburse Gregory that amount

within sixty days of the date of entry of the order. Tammy filed a motion to alter, amend, or vacate the order, which was denied. She then filed a motion pursuant to Kentucky Rules of Civil Procedure (CR) 60.02(f) and CR 61.02, arguing that the Social Security Administration had made payments directly to the children, not to her, in an attempt to distinguish those payments under Kentucky Revised Statute (KRS) 403.211(15). Her motion was once again denied, and the family court ordered her to reimburse Gregory within thirty days. However, this appeal was filed on the thirtieth day.

Tammy argues that the family court erred in terminating Gregory's maintenance obligation and in ordering her to reimburse Gregory for overpayment due to the benefits received by the children for Gregory's disability claim. However, in contravention of CR 76.12(4)(c)(v), Tammy does not have a preservation statement at the beginning of each argument. She makes no citations to the record whatsoever in her arguments. Although Tammy cites to statutes, she in no way attempts to use the statutory language to support her arguments, which are each approximately two paragraphs in length. She cites no case law. CR 76.12(4)(c)(iv) and (v) require ample references to the record and citation to authority supporting *each* argument. It is not the responsibility of this Court to search the record to find support for Tammy's arguments or where they are preserved, assuming such exists. *Smith v. Smith*, 235 S.W.3d 1, 5 (Ky. App. 2006).

-4-

Nor is it the responsibility of this Court to research and make Tammy's arguments for her. *See, e.g.*, *Harris v. Commonwealth*, 384 S.W.3d 117, 131 (Ky. 2012).

"Our options when an appellate advocate fails to abide by the rules are: (1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions, CR 76.12(8)(a); or (3) to review the issues raised in the brief for manifest injustice only." *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010) (citation omitted).

We will not simply ignore the deficiencies because there are too many, and they permeate the brief. However, we will not choose to strike the brief. Rather, we will review Tammy's claims for manifest injustice only. CR 61.02. "[T]he task of the appellate court in review under CR 61.02 is to determine if (1) the substantial rights of a party have been affected; (2) such action has resulted in a manifest injustice; and (3) such palpable error is the result of action taken *by the court*." *Fraley v. Rice-Fraley*, 313 S.W.3d 635, 641 (Ky. App. 2010) (citation omitted).

We discern no manifest injustice. The record supports the family court's finding that due to his disability, Gregory's income was reduced by approximately thirty percent (30%). We agree with the family court that this reduction, due to no fault of Gregory, constituted a change in circumstances so substantial and continuing as to make the terms of the maintenance payment

unconscionable. *See* KRS 403.250(1). The Kentucky Supreme Court has defined "unconscionable" as used in KRS 403.250(1) as "manifestly unfair or inequitable." *See, e.g.*, *Wilhoit v. Wilhoit*, 506 S.W.2d 511 (Ky. 1974); *Combs v. Combs*, 787 S.W.2d 260 (Ky. 1990).

Similarly, the record also supports the family court's finding that Tammy received duplicate payment for Gregory's child support obligation because Gregory satisfied the judgment entered in Tammy's favor, and the children also received auxiliary benefits in the form of lump sum and monthly payments from Gregory's disability claim. We agree with the family court that payments received on behalf of the children from Gregory's disability claim should be credited against his child support obligation pursuant to the plain language of KRS 403.211(15), which states:

> **A payment of money received by a child as a result of a parental disability shall be credited against the child support obligation of the parent.** A payment shall not be counted as income to either parent when calculating a child support obligation. **An amount received in excess of the child support obligation shall be credited against a child support arrearage owed by the parent that accrued subsequent to the date of the parental disability**, but shall not be applied to an arrearage that accrued prior to the date of disability. The date of disability shall be as determined by the paying agency.

(Emphasis added.)

Having reviewed the record and applicable law, we discern no manifest injustice and affirm the order of the Oldham Family Court.

ALL CONCUR.

BRIEF FOR APPELLANT:

Michael Pate
La Grange, Kentucky

BRIEF FOR APPELLEE:

Robert A. Riley
La Grange, Kentucky