RENDERED: OCTOBER 27, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1180-MR

MEREDITH L. LAWRENCE                                             APPELLANT

APPEAL FROM GALLATIN CIRCUIT COURT
v.        HONORABLE RICHARD A. BRUEGGEMANN, JUDGE
ACTION NO. 12-CI-00193

WHITEHORSE DEVELOPMENT
GROUP, LLC                                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, JONES, AND TAYLOR, JUDGES.

JONES, JUDGE:  Meredith Lawrence appeals from an order of the Gallatin Circuit Court that (1) enforced an Agreed Judgment and Order of Sale pertaining to real property in Gallatin County; and (2) denied Lawrence's motion to enforce what he characterized as a "purchase money lien."  We affirm.

## I.  BACKGROUND

In 2010, Lawrence executed a promissory note and mortgage with Whitehorse Development Group, LLC ("WDG") for certain real property in Gallatin County.  In November 2012, WDG filed a complaint in foreclosure against Lawrence, who defaulted on his payments.  The parties entered into an agreed judgment and order of sale on July 15, 2013.[1]  Pursuant to the terms, the parties agreed Lawrence owed WDG $198,074.27 plus interest of $11,505.42 plus attorney's fees and costs of $6,000.00.  However, WDG agreed to withhold execution of the agreed judgment if Lawrence agreed to a detailed repayment schedule.  The agreed judgment also provided, in relevant part, that, in the event of default by Lawrence, "the liens of the parties shall be enforced and the interest of the defendants in and to said property shall be sold, and to that end, [WDG] shall direct the Commissioner of this Court to sell the property[.]"

In 2021, WDG filed a motion to enforce the agreed judgment, alleging Lawrence had not abided by the repayment plan.  Lawrence, who was now *pro se*,

---

[1] We reject Lawrence's attempt to characterize the agreed judgment and order of sale as a "settlement agreement" subject to contract law.  As the circuit court noted, "[a]n agreed judgment is nonetheless a judgment of the court when entered and signed, although it is the consummation of a contract.  The terms of the contract are merged into and superseded by the judgment." *Little v. Mann*, 302 Ky. 661, 664, 195 S.W.2d 321, 323 (1946).

filed the first of numerous motions opposing enforcement of the agreed judgment.[2]

His primary argument was that he did not give authorization to his attorney at the time to enter into the agreed judgment. The circuit court held a hearing and found that Lawrence did authorize his attorney to enter into the agreed judgment.

Undeterred, Lawrence continued to try to find ways to prevent execution of the agreed judgment. The record reveals his primary objective was to file a third-party complaint against the law firm of Bingham, Greenebaum, Doll, LLP ("Bingham"). Lawrence claimed, among other things, that Bingham had "illegal liens" on the subject property that interfered with his contractual obligations to WDG. WDG responded, arguing the circuit court lost jurisdiction ten days after entry of the agreed judgment and order of sale, therefore, the circuit court certainly did not have jurisdiction to grant Lawrence's motion to file a third-party complaint nearly eight years later.[3] Lawrence also claimed that, because he

---

[2] Lawrence is an attorney. During the pendency of this action, his license to practice law in Kentucky was suspended, but was recently reinstated by the Kentucky Supreme Court. *See Lawrence v. Kentucky Bar Association*, No. 2023-SC-0291-KB, 2023 WL 5444437 (Ky. Aug. 24, 2023). Although Lawrence signed his various motions in the instant action as "*pro se*," the motions also contain the signature of an attorney, B. Katy Lawrence. However, the circuit court conducted eight hearings after WDG filed its motion to enforce the agreed judgment, and Ms. Lawrence appeared at only one of those hearings. Lawrence introduced himself as "*pro se*" at each hearing, including the one where Ms. Lawrence was present. The cover page of Lawrence's brief to this Court indicates he is represented by Ms. Lawrence; however, the signature page of the brief is signed by both Ms. Lawrence and Lawrence as "*pro se*."

[3] *See* Kentucky Rules of Civil Procedure ("CR") 59.05; *Rollins v. Commonwealth*, 294 S.W.3d 463, 466 (Ky. App. 2009) ("A court loses jurisdiction ten days after entry of final judgment.")

had made mortgage payments, he had a "purchase money lien" against the subject property.

The circuit court ultimately denied Lawrence's motion to file a third-party complaint and granted WDG's motion to enforce the agreed judgment and order of sale. The circuit court similarly found Lawrence's argument about a "purchase money lien" unavailing. This appeal followed.

## II. STANDARD OF REVIEW

Lawrence broadly challenges the enforceability of the agreed judgment entered on July 15, 2013, albeit through numerous, unrelated arguments. The circuit court entered findings of fact and conclusions of law on various matters to that end, which were subsumed by its order granting WDG's motion to enforce the agreed judgment and order of sale, entered on July 13, 2022. CR 52.01 provides, "findings of fact, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses."

## III. ANALYSIS

Lawrence's arguments on appeal are difficult to discern. His primary contention is simply a repackaging of his protracted litigation with Bingham in which he claims Bingham filed "illegal liens" against the subject property. Notably, Bingham's lien was not in existence at the time WDG filed its notice of

-4-

*lis pendens* and, therefore, WDG was not required to name Bingham as a defendant in its petition. *Cumberland Lumber Co. v. First and Farmers Bank of Somerset, Inc.*, 838 S.W.2d 403, 405 (Ky. App. 1992). The pertinent factual background between Lawrence and Bingham has been summarized by the Kentucky Supreme Court as follows:

> In 2008, Lawrence retained Bingham attorney J. Richard Kiefer to defend him against federal tax-evasion charges. At some point in the representation, the parties agreed to revise their original fee agreement because Lawrence had fallen behind in his payments. The new agreement stated that Lawrence would pay a flat fee of no less than $450,000 the principal not to exceed $650,000. Lawrence agreed to secure his payment with a mortgage on real estate he owned, and he signed a promissory note evidencing his debt.
>
> Lawrence was convicted of three counts of filing false tax returns. He then sued Kiefer and Bingham, among others, in Kenton Circuit Court for legal malpractice. Because Lawrence had not paid for a portion of the legal services provided to him, Bingham filed a counterclaim to recover its fee; specifically, Bingham sued for enforcement of the promissory note. The Kenton Circuit Court dismissed Lawrence's malpractice claim and granted default judgment to Bingham on its counterclaim. We upheld this judgment.

*Lawrence v. Bingham Greenebaum Doll, L.L.P.*, 599 S.W.3d 813, 819 (Ky. 2019) (footnote omitted).[4]

---

[4] The Kentucky Supreme Court did remand the case to the circuit court for findings as to whether Bingham's fee agreement, which was secured by a mortgage on real property (also in Gallatin County, but not the real property at issue in the instant action), violated the attorney's fiduciary

-5-

In other words, Bingham has a valid default judgment against Lawrence for unpaid legal fees. Bingham has apparently attempted to collect on its judgment using various means, including filing a lien against the subject property in Gallatin County after WDG commenced this foreclosure action. We decline to further address Lawrence's arguments regarding Bingham and what he characterizes as its "illegal liens." Lawrence is simply attempting to use this straightforward foreclosure action to further ongoing and unrelated litigation.[5] The circuit court did not err in denying Lawrence's motion to file a third-party complaint against Bingham.

Lawrence's arguments related to the instant action can be summarized as follows: (1) the agreed judgment and order of sale is invalid because the Master Commissioner did not sign it; (2) Lawrence never gave his attorney the authority to

---

duty per Kentucky Supreme Court Rule ("SCR") 3.130(1.8)(a). On remand, the circuit court found the fee agreement violated the rule, and Bingham appealed. This Court ruled the fee agreement did not violate the rule, and the Kentucky Supreme Court denied discretionary review. *See Bingham Greenebaum Doll LLP v. Cut-N-Shoot LLC*, No. 2020-CA-1131-MR, 2022 WL 4587681 (Ky. App. Sep. 30, 2022).

[5] *See also Bingham Greenebaum Doll, LLP v. Lawrence*, 567 S.W.3d 127 (Ky. 2018); *Lawrence v. Bingham, Greenebaum, Doll, L.L.P.*, 567 S.W.3d 133 (Ky. 2018); *Cut-N-Shoot, L.L.C. v. Bingham Greenebaum Doll, L.L.P.*, No. 2019-CA-1735-MR, 2021 WL 2385843 (Ky. App. Jun. 11, 2021), *disc. review denied* (Feb. 16, 2022); *Lawrence v. Bingham Greenebaum Doll, L.L.P.*, No. 2019-CA-1125-MR, 2021 WL 4343462 (Ky. App. Sep. 24, 2021), *disc. review denied* (Mar. 16, 2022); *Cut and Shoot, L.L.C. v. Bingham, Greenebaum, Doll, L.L.P.*, No. 2022-CA-0259-MR, 2022 WL 17543025 (Ky. App. Dec. 9, 2022), *disc. review denied* (Apr. 19, 2023).

sign the agreed judgment; (3) Lawrence has a "purchase money lien" against the property; and (4) the sale of the property was in error.

Turning to Lawrence's first argument, although he raised it to the circuit court, the circuit court failed to specifically rule on it, and instead focused on whether Lawrence's attorney at the time had authorization to enter into the agreed judgment on behalf of Lawrence. "[W]ithout a ruling of the lower court on the record regarding a matter, appellate review of that matter is virtually impossible." *Jewell v. City of Bardstown*, 260 S.W.3d 348, 351 (Ky. App. 2008). Accordingly, we cannot address this argument. However, we do note that Lawrence fails to cite any procedural rule, statute, or caselaw that requires the Master Commissioner to sign a judgment in a foreclosure action.

Regarding Lawrence's second argument, the circuit court held an extensive hearing. Lawrence waived attorney-client privilege and called his former attorney. Lawrence also testified on his own behalf. During counsel's testimony, he produced numerous communications on Lawrence's office letterhead, including one in Lawrence's own handwriting, in which he admitted he owed the money to WDG and pleaded with counsel to reach an agreement. Lawrence's testimony that he knew nothing about the agreed judgment and never authorized his attorney to negotiate or enter into an agreed judgment was obviously not credible to the circuit court. Moreover, the circuit court found that Lawrence's

attempt to comply with the payment plan provided for in the agreed judgment demonstrated he knew about and approved of it. These findings are overwhelmingly supported by the evidence in the record before us and, therefore, not clearly erroneous per CR 52.01.

Lawrence's next argument is that he has a "purchase money lien" against the property because of the mortgage payments he made both prior to and after entry of the agreed judgment. He asserts his lien is proper because it was filed pursuant to KRS[6] 426.720 entitled "Final judgment to act as lien on realty; judgment creditor's notice requirements; methods of service; expiration of judgment lien." This argument is both bizarre and without merit. First, Lawrence does not have a final judgment against WDG. In fact, the opposite is true. There is no basis in law or fact to interpret the language of the agreed judgment that states if Lawrence "fails to comply with the above payment schedule, the liens of the parties shall be enforced and the interest of [Lawrence] in and to said property shall be sold" as implying Lawrence has a valid lien against the property. Second, *even if* Lawrence did have a valid lien, it would be secondary to WDG's lien. *See* KRS 382.280 ("[A]ll bona fide deeds of trust or mortgages shall take effect in the order that they are legally acknowledged or proved and lodged for record."). The

---

[6] Kentucky Revised Statute.

circuit court did not err in denying Lawrence's motion to enforce a "purchase money lien."

Finally, because the circuit court did not err in enforcing the agreed judgment and order of sale, the circuit court did not err in ordering the subject property sold by the Master Commissioner. We therefore decline to address Lawrence's argument in this regard.

## IV. CONCLUSION

Accordingly, the order of the Gallatin Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Meredith L. Lawrence, *pro se*
Warsaw, Kentucky

B. Katy Lawrence
Warsaw, Kentucky

BRIEF FOR APPELLEE:

Corey T. Gamm
Covington, Kentucky