James **BURNETT**, Appellant,

v.

Monnie **BURNETT**, Appellee.

Court of Appeals of Kentucky.

Nov. 22, 1974.

Sinnette & Howe, Ashland, for appellant.

Creech, Hogg & Williams, Ashland, for appellee.

CULLEN, Commissioner.

James Burnett appeals from a December 1973 order of the Boyd Circuit Court which denied his motion to modify the provisions of a January 1969 divorce judgment by terminating the obligation imposed on James by that judgment to pay maintenance of $85 per month to his divorced wife, and by terminating the right of the divorced wife to occupy a dwelling owned by James on which the judgment required him to pay the taxes, insurance and repairs. The order was not accompanied by findings of fact and conclusions of law.

Although James does not make an express argument in such terms, he

argues by necessary implication that his evidence of change of conditions was so strong that it was unreasonable for the circuit court not to modify the judgment. We are not so persuaded. The original judgment required James to furnish maintenance to the divorced wife in the form of cash payments of $85 per month plus the providing of a home. As concerns the cash payments, his claim of changed conditions rested on his testimony that he had remarried, he had gone into debt to the extent of $4,000, and the divorced wife had become able to work and support herself. The first two of those claimed changes are not of such character as to make the terms of the original judgment unconscionable within the requirements of KRS 403.250, and the third was denied by the divorced wife's testimony, so that the circuit court was not required to find it to be true.

With respect to the occupancy of the house, James made the same claims of change of condition above noted, plus the claim that the original judgment, in providing that the divorced wife was entitled to occupy the house "as a home for the plaintiff and their child," intended that the right of occupancy should continue only until the child reached age 18; that the child had reached 18 and no longer lived in the house; and that the divorced wife did not use the house as her full-time home. As concerns the intent of the original judgment, we think it reasonably can be considered to be that the divorced wife was entitled to occupy the house as her home even after the child reached majority. As concerns the extent of use being made by the divorced wife, there was again a conflict of evidence.

James argues that without regard to the strength or weakness of the evidence in support of his motion for modification of the divorce judgment, the circuit court's failure to make any findings of fact in and of itself was error requiring a reversal of the judgment. He concedes that the Civil Rules, CR 52.01, do not require findings on a motion to modify a divorce judgment, but he maintains that KRS 403.250, in authorizing modification of such a judgment in respect to support or maintenance only upon "a showing of changed conditions so substantial and continuing as to make the terms unconscionable," by necessary implication requires findings of evidentiary facts in support of an order granting or denying such a motion.

We are disposed to agree with this argument as concerns orders *granting* a motion to modify, because it cannot be determined whether the requirement of the statute as to a showing of a change of conditions was complied with unless the circuit court makes appropriate findings of evidentiary facts.[1] We are of the opinion, however, that findings are unnecessary under KRS 403.250 when the motion is *denied*. When such a motion is denied, the reason necessarily is that the movant did not sustain his burden of showing the required change of conditions. There is no need for findings of evidentiary facts, because the finding would simply be that the movant had not produced sufficient proof to require an affirmative finding of the facts on which he relied. So we find no error here in the failure of the circuit court to make findings.

James makes a complaint that the circuit judge, after the parties had agreed on a narrative statement of the evidence for the purpose of appeal, made corrections in the statement on the basis of the court's recollection of the evidence. We do not choose to get into the question of whether the court had the right to do that under CR 75.13, because James does not suggest in what way he suffered prejudice.

The judgment is affirmed.

All concur.

1. We call attention, however, to CR 52.04 (which was promulgated subsequent to the entry of the order here involved), as concerns the necessity to request a finding.