**Ronald Earl MULLINS, Appellant,**

v.

**Lois Ann MULLINS, Appellee.**

Court of Appeals of Kentucky.

July 13, 1979.

Richard E. Wentz, Covington, for appellant.

Stephany Tsanges, Covington, for appellee.

Before COOPER, HOWERTON, and REYNOLDS, JJ.

HOWERTON, Judge.

Ronald Earl Mullins appeals from an order of the Kenton Circuit Court modifying a settlement agreement by eliminating his right to claim the parties' children as dependents on his income tax returns. The sole question for determination is whether the decision was erroneous due to the court's failure to enter findings of fact.

The parties were divorced on August 27, 1973. The dissolution decree incorporated a settlement agreement, which among other things allowed Ronald to claim the children as tax exemptions.

On August 23, 1977, Lois filed a motion seeking an increase in child support and an order requiring Ronald to pay extraordinary medical expenses. The trial court denied the request for an increase, but ordered each party to pay one-half of the medical bills not covered by insurance. Those rulings are not challenged. In addition, however, Lois moved the court to hold Ronald in contempt for failure to pay the required child support and to allow her to claim the children for income tax purposes. The trial court determined that Ronald was $3,520.00 in arrears in his support obligations and ordered him to pay an additional $20.00 per week until the delinquent sum was fully paid. The court further abated the settlement agreement provision pertaining to tax exemptions, which in effect would allow either party providing over one-half of the support for the children to claim them for tax deductions. Ronald now contends that the order modified the settlement agreement for which findings of fact are required but were not made.

In *Williams v. Williams*, Ky.App., 554 S.W.2d 880 (1977), this Court held that

a provision allowing a party to claim children for tax purposes was an element of maintenance or support. That being the case, any modification of the provision must be accomplished via KRS 403.250(1), which precludes modification unless there has been "changed circumstances so substantial and continuing as to make the terms of the original agreement unconscionable." "Unconscionable" has been defined as meaning "manifestly unfair and inequitable." *Wilhoit v. Wilhoit*, Ky., 506 S.W.2d 511, 513 (1974).

■ *Burnett v. Burnett*, Ky., 516 S.W.2d 330 (1974), indicates that a trial court should make findings of fact when a motion for modification under KRS 403.250(1) is granted. This is true, although CR 52.01 might indicate contra. Unless the court makes appropriate findings of evidentiary facts, it cannot be determined whether the requirement of the statute as to a showing of change of conditions has been satisfied. The court did note, however, that CR 52.04 may require that a party request findings of fact in order to preserve the basis for a reversal or remand. *Burnett, supra*, 516 S.W.2d at 332, *see* n. 1. We take note at this point that Ronald requested both a modification of the judgment and findings of fact. The motion to modify was denied, and no ruling was ever made on the request for findings.

It is obvious that this case involves the modification of the settlement agreement. Although Lois argues that an abatement of a provision is not a modification, it cannot be denied that Ronald no longer has an absolute right to claim the children for tax purposes. According to Ronald, this right was about the only benefit he received in the settlement agreement.

■ It could be argued that the judgment supports the modification, in that the order did find Ronald to be $3,520.00 in arrears on his child support. That fact alone could be construed to render unconscionable a prior agreement permitting Ronald to claim the children as income tax dependents. Also, the fact that Lois has been more or less the sole supporter of the children constitutes a substantial change within the meaning of KRS 403.250(1).

We conclude, however, that better practice dictates that we remand this case to the circuit court for appropriate findings of fact to be made from the record herein, and for any necessary modification of the order of December 1, 1977, as may be required by the findings.

All concur.