Jennifer **KLOPP**
(Churchman), Appellant,

v.

William **KLOPP**, Appellee.

No. 87–CA–370–MR.

Court of Appeals of Kentucky.

Aug. 26, 1988.

Rehearing Denied Jan. 27, 1989.

Michael L. Schulkens, Newport, for appellant.

Bernard J. Blau, Newport, for appellee.

Before CLAYTON, McDONALD and MILLER, JJ.

McDONALD, Judge:

Jennifer Klopp Churchman has appealed from two orders entered by the Campbell Circuit Court in postdissolution proceedings. The appellant and the appellee, William Klopp, were divorced in 1984. They reached an agreement on all but one minor issue which was referred to the commissioner for resolution. Under the terms of the agreement, which was incorporated into the final decree and found by the court not to be unconscionable, Jennifer was awarded sole custody of the four infant children of the marriage and William agreed to pay child support of $130 per week, to maintain health insurance coverage for the children and "to pay one-half of *any* uncovered medical or dental bills." (Emphasis added.)

As frequently occurs, problems arose between the parties. Jennifer initiated these postdissolution proceedings seeking a rule against William for failure to pay $750 in medical expenses. William in turn filed several motions seeking an order requiring that Jennifer provide all transportation for his visitation [1] and that she submit all medical bills to her new husband's insurance carrier before seeking payment from him on his insurance. He further sought relief from the property settlement agreement requiring that he pay 50% of the children's medical expenses and he requested an order that he not be required to pay for counseling for one of the children. The basis for the latter request was (1) counseling was not a "medical" expense; (2) Jennifer was the one "running around ... the one that got the divorce ... the one that moved out of town, and ... the one that [was] basically causing the problems with the child;" and (3) that a psychiatrist's fee would be covered by his insurance while a psychologist's fee would not.

A hearing was held on the various motions and the court entered the two orders appealed from. The court made no attempt to render any findings of fact or conclusions of law. It merely ordered that certain things be done, to wit: It established a procedure for the parties to follow to ensure the prompt filing of medical insurance claims; it required that the parties meet halfway between their respective homes in transporting the children to and from visitation; it ordered the child to "be required to visit a psychiatrist rather than a psychologist for the purpose of counseling;" and, it ordered that William no longer be responsible for half the ordinary medical and dental bills, but only half of "extraordinary" medical and dental bills not covered by insurance. Further, William was adjudged not responsible for any fee for counseling conducted by a psychologist and would not be required to pay any costs of counseling by a psychiatrist unless Jennifer could show the court that such was necessary on a continuing basis.

Jennifer timely moved the court to reconsider and amend these orders. Both motions were overruled and Jennifer has brought this appeal. As she has not provided us with a transcript of the hearing before the court on the postjudgment motions, we are precluded from addressing any issues concerning the sufficiency of the evidence to uphold the judgment. *See Department of Highways v. Richardson*, Ky., 424 S.W.2d 601 (1968).

▮ Because the trial court failed to make *any* findings or any conclusions of law, we are further precluded from reviewing errors of law and are compelled to remand this matter to the trial court for an

---

1. Jennifer had moved to Sellersburg, Indiana, about 130 miles from the appellee, before the

entry of the dissolution.

appropriate judgment containing the facts it relied upon to modify the child support and custody provisions of the original judgment of dissolution.[2] Had there been sufficient findings to support the court's modification of the dissolution judgment we would, without a transcript, presume there to be evidence supporting those findings. *McDaniel v. Garrett*, Ky.App., 661 S.W.2d 789 (1983). However, because the trial court omitted making findings, we are prevented from determining whether it followed the appropriate statutory standards in addressing the various issues raised by the parties.

Civil Rule 52.01 does not require a trial court to make findings on motions. Our case law, though, does require such findings in ruling on motions to modify dissolution judgments, at least when the court grants the motion. *Burnett v. Burnett*, Ky., 516 S.W.2d 330 (1974); *Mullins v. Mullins*, Ky.App., 584 S.W.2d 601 (1979). KRS 403.250 provides that support "may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable." We cannot tell whether the court, in relieving William of the responsibility for half of all the medical and dental bills not covered by insurance, followed the mandate of this statute or granted William's request for relief for some less compelling reason.

 More seriously flawed is the court's judgment concerning the type of mental health treatment one of the children of the parties is "required" to receive. KRS 403.330 provides that such decisions are within the sole province of the custodial parent "unless the court after a hearing, *finds,* upon motion by the noncustodial parent, that in the absence of a specific limitation of the custodian's authority, the child's physical health would be endangered or his emotional development significantly impaired." (Emphasis ours.) The basis for William's motion wasn't that the child did not need counseling for emotional problems. As stated, he didn't want to be responsible for the fees because he didn't

believe himself to be the "cause" of the problems, his insurance would not cover the fees and such treatment wasn't "medical"-related. None of the reasons advanced by William in his motion have any bearing on the standard set forth in KRS 403.330. Unless William presented other appropriate grounds and sufficient evidence bearing thereon at the hearing, the trial court impermissibly and unreasonably intruded on Jennifer's rights as the sole guardian of this child. Upon remand the court is instructed not to restrict or limit Jennifer's parental right to determine the best mental health professional for the parties' child, absent the requisite finding that the child's emotional development will be impaired by receiving treatment from a psychologist rather than a psychiatrist. *See Wilhelm v. Wilhelm*, Ky., 504 S.W.2d 699 (1974). We doubt such evidence to support such a finding exists. The fact that William has insurance for a psychiatrist is not significant and should not bear on the court's ruling. The paramount concern of all our statutes relating to child custody and support is the physical and emotional well-being of the children. Any attempt to direct the custodial parent in his or her role must be predicated on what is best for the child, not the whim or expectations of the noncustodial parent.

 Finally, we find no abuse of discretion in the court's order concerning the mechanics of getting medical bills to the proper insurer and in establishing responsibility for transportation of the children for visitation. These matters were not previously agreed to and do not change the decree in any way. Thus, the two orders of the Campbell Circuit Court are vacated and the matter is remanded for the entry of a new judgment consistent with this opinion.

All concur.

---

**2.** The appellant sufficiently preserved for review the court's failure to make findings by her post-judgment motions which pointed out the trial

court's failure to make findings to support its orders.