**SEEGER ENTERPRISES, INC.
and Harry Louis Seeger,
IV, Appellants**

v.

**TOWN & COUNTRY BANK AND
TRUST COMPANY, Appellee**

NO. 2015-CA-001111-MR

Court of Appeals of Kentucky.

APRIL 7, 2017; 10:00 A.M.

BRIEF FOR APPELLANT: Jason P. Floyd, John Douglas Hubbard, Bardstown, Kentucky.

BRIEF FOR APPELLEE: David A. Franklin, Natalie Damron McCormick, Lexington, Kentucky.

BEFORE: KRAMER, CHIEF JUDGE; DIXON AND MAZE, JUDGES.

## OPINION

MAZE, JUDGE:

Appellants, Harry Seeger and his business, Seeger Enterprises Inc. (hereinafter collectively referred to as "Seeger"), appeal from a May 2015 judgment of the Nelson Circuit Court. Seeger argues that the trial court wrongly granted directed verdict on his claims of breach of fiduciary duty, tortious interferences with contract relations, and intentional infliction of emotional distress. He also argues that the trial court abused its discretion when it refused to tender a jury instruction on the claim of tortious interference with a pro-

spective business advantage and refused to permit Seeger to amend his complaint.

We conclude that the trial court committed no such error. Hence, we affirm.

## Background

In 2010, Appellee, Town and Country Bank and Trust Company (hereinafter "Town and Country") held several mortgages secured against a single piece of property owned by Seeger. In an attempt to satisfy his debt to Town and Country, Seeger sought to sell the property. In October 2010, Seeger and his real estate agent, Rick Molyneaux, began discussions with James Hayden, a prospective buyer. According to Seeger's testimony at trial, the three reached an oral agreement that Hayden would purchase the property for $1,650,000. However, the parties never reduced the agreement to writing, and according to Seeger, when Molyneaux attempted to secure Hayden's signature on a sales contract shortly after their oral agreement, Hayden refused to sign. Town and Country eventually purchased the property for $800,000 at a master commissioner's sale.

Town and Country initiated foreclosure proceedings against Seeger on February 9, 2011. In addition to answering Town and Country's petitions, Seeger filed counterclaims, alleging that Town and Country, through its representatives, had intentionally interfered with the sale of his property to Hayden. More specifically, Seeger alleged that representatives of Town and Country "contacted or communicated to Mr. Hayden reasons why he should not fulfill the contractual agreement that he had reached with [Seeger] and as a result thereof, Mr. Hayden did not fulfill his agreement with [Seeger]." In addition to tortious interference with contractual relations, Seeger alleged that Town and Country's conduct constituted breach of the implied covenant of good faith and fair dealing and of Town and Country's fiduciary duty to its "borrowers" because it prevented repayment of Seeger's debts.

Following briefing, the trial court entered partial summary judgment as to Seeger's liability on his indebtedness to Town and Country. However, the trial court overruled Town and Country's motion for an order of sale, ordering instead that the parties undertake discovery and proceed to trial on Seeger's counterclaims. At the two-day jury trial, Seeger and Molyneaux testified concerning the events surrounding their failed transaction with Hayden. Hayden also testified, stating that he decided on his own not to purchase the property. The President of Town and Country and a member of its Board of Directors also testified and disavowed any involvement or interference with the transaction between Seeger and Hayden.

At the close of proof, Seeger submitted proposed jury instructions which included an instruction on the claim of tortious interference with a prospective business advantage. Town and Country objected, and the trial court refused to tender the instruction, pointing out that the claim was not included in Seeger's counterclaim or subsequent pleadings. The trial court also denied Seeger's request for leave to amend his pleadings to conform to the evidence. Town and Country moved the trial court for directed verdict on all of Seeger's counterclaims. Following argument, the trial court granted this motion in a May 21, 2015, judgment which incorporated its prior grant of partial summary judgment. This resulted in an award of summary judgment in Town and Country's favor on all issues. The trial court subsequently overruled Seeger's motion to alter, amend, or vacate the judgment, and this appeal follows.

## Analysis

Seeger argues that the trial court erroneously entered directed verdict on his claims of tortious interference with contract relations and breach of fiduciary duty, and intentional infliction of emotional distress. He also contends that the trial court abused its discretion in failing to tender a jury instruction on the claim of tortious interference with a prospective business advantage and in refusing to permit him to amend his complaint during trial. We address each of Seeger's arguments in turn.

### I. Directed Verdict

A trial court may not enter a directed verdict "unless there is a complete absence of proof on a material issue or if no disputed issues of fact exist upon which reasonable minds could differ." *Bierman v. Klapheke*, 967 S.W.2d 16, 18-19 (Ky. 1998). A trial court "must draw all fair and reasonable inferences from the evidence in favor of the party opposing the motion." *Toler v. Süd–Chemie, Inc.*, 458 S.W.3d 276, 284 (Ky. 2014). With this in mind, we turn to the requisite elements of Seeger's counterclaims and whether evidence existed in the record which prevented entry of a directed verdict.

### A. Tortious Interference with Contractual Relations

To prove a claim of tortious interference with contractual relations, a plaintiff must show: 1) the existence of a contract; 2) defendant's knowledge of the contract; 3) defendant's intent to cause a breach of that contract; 4) that defendant's actions in fact caused a breach of the contract; 5) that plaintiff suffered damages as a result of the breach; and 6) that defendant enjoyed no privilege or justification for its conduct. *See Snow Pallet, Inc. v. Monticello Banking Co.*, 367 S.W.3d 1, 6-7 (Ky. App. 2012) (citation omitted). Generally, to prevail, a plaintiff "must show malice or some significantly wrongful conduct." *Id.* quoting *Nat'l Collegiate Athletic Ass'n By and Through Bellarmine Coll. v. Hornung*, 754 S.W.2d 855, 859 (Ky. 1988).

Seeger failed to provide any evidence that a valid written contract existed. It was uncontested in the record that Seeger never secured a written contract. This is fatal to his claim under Kentucky's statute of frauds, which requires that any contract for the sale of real estate be in writing. *See* KRS 371.010. Seeger contends that the verbal agreement he, his real estate agent, and Hayden made, and the testimony concerning its making, were sufficient to satisfy this element of his claim. However, Kentucky law states that this verbal agreement could not constitute a binding and enforceable contract for the sale of real estate. Hence, Seeger's claim of tortious interference with contractual relations must fail as a matter of law, and directed verdict was appropriate.

### B. Breach of Fiduciary Duty

To establish that Town and Country's Board of Directors violated its fiduciary duty to its borrowers, Seeger was required to show: 1) the existence of a fiduciary duty; 2) a breach of that duty; 3) and that the breach caused injury to the party to whom the duty was owed. *Baptist Physicians Lexington, Inc. v. New Lexington Clinic, P.S.C.*, 436 S.W.3d 189 (Ky. 2013). A fiduciary duty is "the highest order of duty imposed by law." *Abbott v. Chesley*, 413 S.W.3d 589, 600 (Ky. 2013) (citation omitted). Such a duty "requires more than the generalized business obligation of good faith and fair dealing." *Ballard v. 1400 Willow Council of Co-Owners, Inc.*, 430 S.W.3d 229, 242 (Ky. 2013). In fact, it has been held that "the relationship between a bank and a borrower does not ordinarily impose a fiduciary duty upon

the bank." *In re Sallee v. Fort Knox Nat'l Bank N.A.*, 286 F.3d 878, 884 (6th Cir. 2002); *see also Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 485 (Ky. 1991). Rather, this relationship is one of creditor-debtor only. *Sallee* at 893. Only when a bank profits at the expense of its borrower has such a duty been held to exist. *See Snow Pallet*, 367 S.W.3d 1 (Ky. App. 2012) and *de Jong v. Leitchfield Deposit Bank*, 254 S.W.3d 817 (Ky. App. 2007).

As alleged in his counterclaim, Seeger's argument was based upon his assertion that Town and Country had "a fiduciary duty in regard to its borrowers" and that Town and Country breached this duty when it interfered with the sale of his property. However, Kentucky law permitted the trial court to impose a fiduciary duty upon Town and Country only if evidence at trial created the reasonable inference that it profited at Seeger's expense. Seeger presented no such evidence, and therefore, his argument must fail as a matter of law.

Testimony and documentary evidence at trial established that Seeger informed the President of Town and Country of the oral agreement between Seeger and Hayden. Seeger submitted phone records which showed that Hayden and his loan officer at Town and Country spoke prior to Hayden's decision to back out of the sale. He also points to testimony about an email between the same loan officer and Town and Country's President during the same time. From this evidence, Seeger asked the trial court to infer improper behavior on Town and Country's part, to impose a fiduciary duty, and to find that a breach of that duty occurred. Such an inference, and the imposition of such a heightened legal duty, was not "reasonable." The record contained nothing more than supposition and vague theories as to what Seeger believed this evidence indicated. This was insufficient to clear even the low bar necessary to survive directed verdict.

Even if we were to infer that the phone call between a borrower and his loan officer and the email between two employees of the same bank concerned Seeger's property, Seeger presented no evidence that Town and Country actually interfered with the sale of his property or profited at his expense or the expense of other borrowers by doing so. Under Kentucky law, this was essential to his ability to demonstrate that Town and Country owed Seeger or other borrowers a fiduciary duty. *See Snow Pallet, supra*, and *de Jong, supra*. Seeger failed to present any evidence on this point. Therefore, directed verdict was permissible.

## C. Intentional Infliction of Emotional Distress

 Seeger's counterclaims also included his assertion that Town and Country's interference with the sale of his property, and the subsequent foreclosure and default judgment, caused him emotional distress. However, Seeger does not raise this issue in his initial brief, and he was not permitted to raise the issue for the first time in his reply brief. *See, e.g., Catron v. Citizens Union Bank*, 229 S.W.3d 54, 59 (Ky. App. 2006) ("The reply brief is not a device for raising new issues which are essential to the success of the appeal.") (Citation omitted). Therefore, we consider the issue waived.

## II. Proposed Jury Instruction and Amendment of the Pleadings

 Kentucky Rule of Civil Procedure (CR) 15.02 states that when a party fails to raise an issue prior to trial and the opposing party objects,

> the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action

will be subserved thereby and the objecting party fails to satisfy the court that admission of such evidence would prejudice him in maintaining his action or defense upon the merits.

Seeger argues that the trial court's refusal to permit him to amend his complaint constituted error. In addition to the express language of the rule itself, Kentucky law is clear that the decision to amend a complaint falls within the trial court's discretion. *See Hunt v. Commonwealth*, 304 S.W.3d 15, 31 (Ky. 2009) and *Kenney v. Hanger Prosthetics & Orthotics, Inc.*, 269 S.W.3d 866, 869-70 (Ky. App. 2007) (citation omitted).

 A claim of tortious interference with a prospective business advantage requires a showing of: 1) the existence of a valid business relationship or expectancy; 2) that the defendant was aware of this relationship or expectancy; 3) that the defendant intentionally interfered; 4) that the motive behind the interference was improper; 5) causation; and 6) special damages. *See Snow Pallet*, 367 S.W.3d at 6 (citation omitted). It is significant to this case that, unlike the aforementioned elements of tortious interference with contract relations, the elements of this claim do not require proof of a contract. Despite this key difference, Seeger contends that this claim was "merely another fact pattern contained within the broader tort of interference." He is mistaken.

The trial court was correct that this was a separate and distinct claim from Seeger's claim of tortious interference with contract relations. To have permitted the addition of such a distinct claim at the latest possible stage of trial would have deprived Town and Country of any ability to present distinct and directly responsive evidence in defense against the new claim. This is the essence of prejudice.

The trial court did not abuse its discretion in refusing to permit Seeger to amend his complaint at the eleventh hour. While CR 15.02 permitted the trial court to allow amendment of Seeger's counterclaims during trial, the rule did not compel the trial court to do so. We cannot agree that the trial court's conclusion was an abuse of its considerable discretion, especially in light of the impact, and potential prejudice, the alternative would have had on Town and Country's defense.

### Conclusion

For the foregoing reasons, we observe no error in the trial court's entry of directed verdicts on Seeger's claims of tortious interference with contract relations and breach of a fiduciary duty. We further conclude that the trial court acted within its discretion in refusing to permit Seeger to amend his complaint following the close of proof. Accordingly, the May 21, 2015, judgment of the Nelson Circuit Court is affirmed.

ALL CONCUR.