RENDERED:  SEPTEMBER 19, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1425-MR

ANNE COORSSEN                                                                 APPELLANT


APPEAL FROM OLDHAM CIRCUIT COURT
v.         HONORABLE JERRY CROSBY, II, JUDGE
ACTION NO. 24-CI-00169


ERIC FARRIS AND DINSMORE &
SHOHL, LLC                                                                    APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND McNEILL, JUDGES.

THOMPSON, CHIEF JUDGE:  Anne Coorssen (Appellant) appeals from an order

of the Oldham Circuit Court granting the motion of Eric Farris and Dinsmore &

Shohl, LLC (Appellees) to dismiss her complaint.  Appellant sought damages from

Appellees for tortious interference with Appellant's employment contract with the

Oldham County Board of Education (the Board).  She argues that the circuit court

improperly applied the Uniform Public Expression Protection Act[1] (UPEPA) in dismissing her action; that it erred in dismissing her tortious interference claim; and, that the court improperly prohibited her from engaging in limited discovery. After careful review, we find no error and affirm the order on appeal.[2]

**FACTS AND PROCEDURAL HISTORY**

Appellant was employed by the Board as General Counsel and Director of Administrative and Legal Services for about 18 years. As a "classified employee," Appellant was employed under a series of one-year contracts that were renewable annually. On July 1, 2022, Appellant's contract was renewed for one year.

In late August or early September of 2022, the Board engaged Appellees for general legal services as allowed by statute. On September 16, 2022, then-Superintendent of Oldham County Schools, Jason Radford, terminated Appellant's employment for cause. In January 2023, Appellant successfully challenged her termination through the administrative process. The challenge

---

[1] Kentucky Revised Statutes (KRS) 454.460-454.478.

[2] In her Notice of Appeal, Appellant also seeks to appeal from an order of the Oldham Circuit Court denying her October 30, 2024 Kentucky Rules of Civil Procedure (CR) 59.05 motion to alter, amend or vacate the circuit court's August 28, 2024 order granting Appellees' motion to dismiss. An order denying a motion to alter, amend or vacate is not appealable. *See Tax Ease Lien Investments 1, LLC v. Brown*, 340 S.W.3d 99, 103 (Ky. App. 2011). She has also appealed from the order to dismiss, which is appealable.

resulted in the hearing officer concluding that Appellant was entitled to reinstatement of her employment with full back pay.

On February 9, 2023, the Board called a special executive session, during which it unanimously voted to eliminate the position of General Counsel. The following month, Superintendent Radford notified Appellant that her position was being eliminated and that her contract would not be renewed. Appellant received the balance of her salary for the remaining months of the existing contract.

Appellant then filed this lawsuit against Appellees, the Board, and Superintendent Radford[3] alleging that she was wrongfully terminated without due process; that Appellees and Radford conspired to tortiously interfere with her contract; that she was unlawfully discriminated against based on her gender; and, that Superintendent Radford defamed her.

The matter proceeded in Oldham Circuit Court, culminating with Appellees and Radford filing a motion to dismiss the action pursuant to Kentucky's UPEPA statute. In support of the motion, Appellees argued that the UPEPA serves to protect defendants named in Strategic Lawsuits Against Public Participation (SLAPP) actions aimed at stifling free speech in both private and public forums. Specifically, Appellees argued that the UPEPA applied to

---

[3] Radford is not a party to this appeal.

Appellant's action under the language of KRS 454.462(1)(b), which states: "KRS 454.460 to 454.478 applies to a cause of action asserted against a person based on the person's . . . [c]ommunication on an issue under consideration or review in a legislative, executive, judicial, administrative, or other governmental proceeding[.]"  Appellees noted that Appellant's action centered on Appellees' alleged communication between themselves and the Board, which was subject to UPEPA protection.  This communication, according to Appellant, occurred when Appellees encouraged and advised the Board to eliminate Appellant's position following the hearing officer's ruling that Appellant was improperly terminated. In response to Appellees' motion, Appellant cited two exceptions that she argued would bar the UPEPA's application to her claim: the government claims exception, set out at KRS 454.462(2)(a)1.; and, the employee claims exception found at KRS 454.462(2)(a)9.

In considering Appellees' motion to dismiss, the circuit court determined that the UPEPA is akin to an expedited motion to dismiss for failure to state a claim upon which relief may be granted or a motion for summary judgment. It found that the UPEPA was applicable to the instant facts and that the exceptions

cited by Appellant did not apply. The court then granted Appellees' motion to dismiss based on the UPEPA, and this appeal followed.[4]

## STANDARD OF REVIEW

We review *de novo* a circuit court's decision to grant or deny a motion under the UPEPA. *Davenport Extreme Pools & Spas, Inc. v. Mulflur*, 698 S.W.3d 140, 150 (Ky. App. 2024).

## ARGUMENTS AND ANALYSIS

### Applicability of the UPEPA

Appellant argues that the Oldham Circuit Court erred in applying the UPEPA to dismiss her complaint against the Appellees. She first notes that the UPEPA was enacted to deter strategic lawsuits against public participation, which are abusive lawsuits that aim to entangle their targets in expensive litigation that chills the defendant from engaging in constitutionally protected activity, such as freely speaking and petitioning the government. Appellant goes on to argue, however, that the UPEPA was never intended to be wielded as a sword by individuals seeking to profit from government contracts. She asserts that in the communications between Appellees and the Board, Appellees tortiously interfered with Appellant's employment contract for their own benefit. As applied herein,

---

[4] At the time the underlying order granting Appellees' motion to dismiss was entered, Appellant's claim against the Board was ongoing. The Board is not a party to this appeal.

Appellant maintains that the UPEPA is not applicable to the present facts, largely because those facts fall squarely within the exceptions set out in KRS Chapter 454.

In *Davenport*, *supra*, a panel of this Court addressed the role of the UPEPA in combating SLAPP litigation. It stated:

> Strategic Lawsuits Against Public Participation, ("SLAPP"), are used by businesses or persons to harass, intimidate or silence those individuals who use their right to petition. The anti-SLAPP laws generally permit the person who exercised his or her petitioning right to file a motion to strike or dismiss because the case involves protected speech on a matter of public concern.
>
> Kentucky recently adopted a version of the UPEPA, an anti-SLAPP measure. KRS 454.460-454.478. The legislation establishes procedures for dismissing legal actions filed in response to a party's exercise of free speech, right to petition, or right to association. Many states have adopted anti-SLAPP legislation and other such legislation protecting free expression, underscoring that protection of the First Amendment right to petition is crucial and requires vigilance. Kentucky's version includes an appellate mechanism that allows a party to appeal, as a matter of right, any order granting or denying a motion to dismiss filed in conjunction with this statute.

*Davenport*, 698 S.W.3d at 150 (internal quotation marks, footnote, and citations omitted).

The *Davenport* court went on to describe the procedural nature of the UPEPA statutes. It stated that:

> Kentucky's UPEPA statutes fall squarely in the procedural category; they provide procedures that permit

expedited consideration of already-existing substantive protections. . . .  Kentucky's UPEPA statutes permit a special motion for expedited relief to dismiss with prejudice a cause of action.  KRS 454.464, 454.472.  A party who is served with a complaint, crossclaim, counterclaim, third-party claim, or other pleading that asserts a relevant cause of action, may, within 60 days of service (or later with good cause shown), file a special motion for expedited relief to dismiss the cause of action in whole or in part.  KRS 454.464.  The filing of motions is purely procedural and in no way alters or impairs vested rights.

*Davenport*, 698 S.W.3d at 151 (internal quotation marks and citation omitted).

And finally, *Davenport* described the three-prong test for applying the UPEPA:

These first two prongs are simply classification prongs that do not alter or impair any vested rights.  They merely ask the following question: Do the facts and the claims in this case fall under certain categories of free expression?  Resolution of this question alters nothing about the claims before the Trial Court.

The third and final prong regards the proof that the parties must demonstrate:

1. The responding party fails to establish a *prima facie* case as to each essential element of the cause of action; or

2. The moving party establishes that:

a. The responding party failed to state a cause of action upon which relief can be granted; or

-7-

> b. There is no genuine issue as to any
> material fact and the moving party is entitled
> to judgment as a matter of law on the cause
> of action or part of the action.
>
> KRS 454.472(1)(c)1.-2. These burdens of proof do not
> alter the standards currently existing in the Kentucky
> Rules of Civil Procedure ("CR"). Parties can already file
> motions to dismiss, CR 12.02, and motions for summary
> judgment, CR 56, which are analyzed under the *de
> novo* standards announced in KRS 454.472(1)(c)2.a. and
> b. respectively (and mentioned above). And, as it
> regards KRS 454.472(1)(c)1. and a need to establish
> a *prima facie* showing of each, essential element of the
> causes of action, we note that we have previously defined
> a *prima facie* case as that:
>
>> . . . which if unrebutted or unexplained is
>> sufficient to maintain the proposition, and
>> warrant the conclusion to support which it
>> has been introduced but it does not shift the
>> general burden of proof, and stands only
>> until the contrary is shown.

*Davenport*, 698 S.W.3d at 152 (citations omitted).

Below, the Oldham Circuit Court noted that the first two prongs of the UPEPA are simply classification prongs, which ask the following question: do the facts and the claims of this case fall under certain categories of free expression? The court answered this question in the affirmative, as Appellees were engaged in a communication on an issue under consideration or review in a legislative, executive, judicial, administrative, or other governmental proceeding per KRS 454.462(1)(b). It found that the Board's special meeting called on February 9,

2023, wherein it eliminated the position of General Counsel, was an administrative proceeding per the statute.

The court then noted that the third and final prong is established when the non-moving party fails to establish a *prima facie* case as to each element of the cause of action per KRS 454.462(1)(c)1.-2. That is to say, did Appellant fail to state a cause of action upon which relief may be granted or is there no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law.

In considering this third element, the circuit court found that Appellant was prosecuting a claim for tortious interference with contract, though she did not specify whether the claim was tortious interference with contractual relations or tortious interference with business relations – two separate torts with different elements.[5] The court found in relevant part that each tort requires proof

---

[5] To sustain a cause of action for tortious interference with a contract, six elements must be satisfied (1) the existence of a contract; (2) defendant's knowledge of the contract; (3) defendant's intent to cause a breach of that contract; (4) defendant's actions in fact caused a breach of the contract; (5) plaintiff suffered damages as a result of the breach; and, (6) defendant enjoyed no privilege or justification for its conduct. *Seeger Enterprises, Inc. v. Town & Country Bank and Trust Co.*, 518 S.W.3d 791, 795 (Ky. App. 2017) (citation omitted). Generally, to prevail, a plaintiff "must [also] show malice or some significantly wrongful conduct." *Nat'l Collegiate Athletic Ass'n By and Through Bellarmine College v Hornung*, 754 S.W.2d 855, 859 (Ky. 1988). An action for tortious interference with a business relation requires, "(1) the existence of a valid business relationship or expectancy; (2) that the defendant was aware of this relationship or expectancy; (3) that the defendant intentionally interfered; (4) that the motive behind the interference was improper; (5) causation; and (6) special damages." *Halle v. Banner Industries of N.E., Inc.*, 453 S.W.3d 179, 187 (Ky. App. 2014) (citation omitted).

of damages arising from breach of contract – either a current contract or a future expectancy. Because Appellant was fully paid for the remainder of her then-existing contract, and had no entitlement to future contracts, the court concluded that there was no breach and thus no damages.

Having closely examined the record and the law, we agree with the reasoning of the Oldham Circuit Court on this issue. Application of the UPEPA is a procedural mechanism that allows the trial court to stay the proceedings and adjudicate a motion to dismiss early in the litigation process. *Davenport*, 698 S.W.3d at 151. The circuit court properly determined that the statutory elements were present, as the record demonstrates that Appellees were engaged in a communication on an issue under consideration or review in a legislative, executive, judicial, administrative, or other governmental proceeding per KRS 454.462(1)(b); that the Board's special meeting called on February 9, 2023, was administrative; and, that as Appellant was paid for the remainder of her then-existing contract, there was no breach and thus no damages.

Exceptions to the UPEPA

The next question is whether the circuit court properly determined that the exceptions to the UPEPA do not bar Appellees from raising its procedural safeguards. The first exception considered by the circuit court was the governmental claims exception set out at KRS 454.462(2)(a)1. This provision

-10-

excepts claims "[a]gainst a governmental unit or an employee or agent of a governmental unit acting or purporting to act in an official capacity" from UPEPA. KRS 454.462(2)(a)1. Appellant argued below that Appellees were agents of the Board, *i.e.*, a governmental unit. We agree with the circuit court that Appellant has not offered evidence that Appellees entered into an agency relationship with the Board. As the circuit court noted, Appellant's sole cause of action against Appellees is a claim of tortious interference with her contractual relationship with the Board. According to Appellant, Appellees engaged in this tort by encouraging and advising the Board to eliminate Appellant's position. We agree with the Appellees that their act of advising the Board to eliminate a job classification does not amount to counsel acting in an official capacity as an agent of the Board. The governmental claims exception set out at KRS 454.462(2)(a)1. does not apply to the facts before us, and the Oldham Circuit Court properly so found.

The second exception cited by Appellant is the employee claims exception set out at KRS 454.462(2)(a)9. This provision bars the application of the UPEPA for "claims of negligent supervision, retention, or infliction of emotional distress; wrongful discharge in violation of public policy; whistleblowing . . .; or enforcement of employee rights under civil service[.]" KRS 454.462(2)(a)9. Appellant's claim of tortious interference against Appellees is not one of the causes of action addressed in KRS 454.462(2)(a)9., and, as such, the employee

-11-

claims exception is not applicable herein.  The Oldham Circuit Court properly so found.

KRS 61.800 *et seq.*:  The Open Meetings Act

Appellant goes on to argue that communications between Appellees and the Board at the February 9, 2023 special executive session are not privileged because the Board violated the open meetings requirements set out at KRS 61.800 *et seq.*  This argument was not raised below, which Appellant acknowledges in her Reply Brief, and therefore is not preserved for appellate review.  "A basic general principle of the Rules of Civil Procedure is that a party is not entitled to raise an error on appeal if he has not called the error to the attention of the trial court and given that court an opportunity to correct it."  *S.T. v. Cabinet for Health and Family Services*, 585 S.W.3d 769, 777 (Ky. App. 2019) (internal quotation marks and citation omitted).  *See also K.M.J. v. Cabinet for Health and Family Services*, 503 S.W.3d 193, 196 (Ky. App. 2016), which allows us not to consider unpreserved claims of error.

Failure to Allow Limited Discovery

Lastly, Appellant argues that the Oldham Circuit Court erred in failing to allow limited discovery per KRS 454.466(4).  She states that this statute contains mandatory "shall" language allowing her submission of limited discovery, and contends that she repeatedly sought such discovery below to vet the salient

-12-

facts and uncover the truth. She argues that the court's failure on this issue constitutes reversible error.

KRS 454.466(4) states that,

the court shall allow limited discovery if a party shows that specific information is necessary to establish whether a party has satisfied or failed to satisfy a burden under KRS 454.472(1) and the information is not reasonably available unless discovery is allowed[.]

The burden under KRS 454.472(1) is whether the responding party "establish[ed] a prima facie case as to each essential element of the cause of action"; "failed to state a cause of action upon which relief can be granted"; or, [t]here is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." KRS 454.472(1)(c).

The introduction of limited discovery is conditional, *i.e.*, "*if* a party shows that specific information is necessary[.]" KRS 454.466(4) (emphasis added). Here, the Oldham Circuit Court was not persuaded that additional discovery was necessary to adjudicate Appellees' motion to dismiss. It determined from the face of the record that the procedural safeguards set out in the UPEPA were applicable, and that Appellant failed to state a claim upon which relief could be granted. We agree. Additional discovery would not have cured this defect, and we find no error.

-13-

## CONCLUSION

For these reasons, we affirm the August 28, 2024 order of the Oldham Circuit Court granting Appellees' motion to dismiss Appellant's tortious interference claims.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Laura E. Landenwich
Hannah E. Wilson
Louisville, Kentucky

BRIEF FOR APPELLEES:

Dustin E. Meek
Amy D. Cubbage
Louisville, Kentucky

Joseph N. Tucker
Sarah D. Reddick
Louisville, Kentucky